ELLIS, Judge.
This concursus proceeding, which is consolidated with the case of Karr v. Lutcher & Moore Lumber Co., La.App., 276 So.2d 776, for trial, was instituted by the plaintiffs as holders of the mineral leases covering the properties herein involved. They have deposited in the registry of the court checks covering the amounts due the owners of these properties for production of oil and gas therefrom. They allege a conflict in the title thereto and ask that the various parties defendant be permitted to assert their respective claims to the funds therein deposited. The properties covered by various leases in this and the consolidated case are respectively described as follows:
“A certain tract of land situated in Section 38, Township 16 South, Range IS East, measuring one arpent, more or less, front on Bayou Chacahoula by depth to the Southern Pacific Railroad, bounded East by land owned or claimed by Miss Victoria Brooks Davis, South by Southern Pacific Railroad and West by lands of Mrs. Albertha Green Davis.”
“A certain tract of land situated in Section 39, Township 16 South, Range 15 East, measuring 60 feet front on Bayou Chacahoula by depth to the Southern Pacific Railroad, bounded East by land owned or claimed by the Estate of Joseph Brooks, South by the Southern Pacific Railroad, West by lands of Sidney Celestin and the Estate of John Hunter.”
Two groups of claimants present themselves, one claiming as the shareholders of Dibert, Stark and Brown Cypress Co., Ltd., and the other group consisting of Madison L. Funderburk and the heirs of Mary L. Carrane. From a judgment recognizing the Funderburk-Carrane group as the owners of the disputed properties, the Dibert group has appealed.
The common ancestor in title of both parties is one John Foley. On January 28, 1882, he acquired all of Section 36, Township 16 South, Range 15 East, and those portions of Sections 37, 38, and 39, Township 16 South, Range 15 'East, lying between Bayou Chacahoula and Morgan’s Louisiana and Texas Railroad, less four parcels of land previously sold. On June 14, 1882, John Foley transferred both of the said parcels, together with other property, to Louis F. Carrane.
On October 6, 1883, there appears a constable’s sale in the Third Justice Court of the Parish of Terrebonne, provoked in the matter of John Carrane v. John Foley. At that sale, the property in Section 36, together with other property, was acquired by John Carrane. The parcel in Sections 37, 38, and 39 was not included in the sale. It is upon this sale that the Dibert group bases its claim.
On April 5, 1884, the property in Sections 37, 38, and 39 was acquired at tax sale made in the name of Louis F. Carrane for unpaid taxes of 1883 by Lucius A. Su-thon. On February 3, 1892, Mr. Suthon transferred the property to Mrs. Rose Car-rane, wife of Louis F. Carrane, who at that time had been separated in property from her husband by a judgment of the district court of Terrebonne Parish. On October 6, 1896, she transferred the said property to Mrs. Kate M. Carrane, widow of James Haggerty, who on the same date transferred it to Louis F. Carrane. The property descended from his via inheritance to Mary Carrane, his sister, and from her to her heirs, who together with Fun-derburk, make up one group of claimants. The property, however, is not specifically described in the Succession of Louis F. Carrane or that of John F. Haggerty, his nephew, who was one of his heirs, and from whom Mary Carrane inherited..
*775 After John Carrane acquired Section 36 with other properties at the constable sale hereinabove referred to, he made five sales of property described respectively as Lots S, 6, 7, 8 and 9, as shown on a plan of .survey executed by C. L. Powell, each measuring one arpent front and lying between Bayou Chacahoula and the railroad. Each of these parcels is also described as lying in Section 36, Township 16 South, Range 15 East. Lot 7 thereof was acquired by Abraham Taplet, and lots 5 and 6 by Adam Diggs. It is from the Taplet sale that the Dibert group claims its title to the parcel described in Suit 9170, and from the Diggs sales, that they claim their title to the parcel described in Suit 9171. Louis F. Car-rane was a witness to each of those sales, which took place in 1887.
The Powell survey cannot be found. However, the Dibert group attempted to show the location of the lots shown thereon by testimony of an abstractor and of Virginia Brooks Davis, who claims to be the owner of a tract of land in the area. The gist of Mr. Miller’s testimony was that there was just not enough room in Section 36 to encompass all of the tracts sold by John Carrane, and of necessity some of the tracts had to lie in Sections 37, 38, and 39. Mrs. Davis’s testimony was to the effect that various property owners adjoined various property owners along Bayou Chacahoula, but failed to go into the question of the specific location or the exact nature of the possession enjoyed by any of those parties.
There is also confusion in the record as to the direction of flow of Bayou Chaca-houla, so that one cannot be sure which direction is meant by “above” or “below” in giving the boundaries of the various properties.
In this court, the Dibert group contends that the district court erred in not holding that, because Louis F. Carrane witnessed the Taplet and Diggs sales by John Car-rane, those claiming under him are es-topped to assert any claim to the property thereby conveyed. Secondly, they allege the court erred in failing to find that the Dibert group proved a valid prescriptive title to the property in Section 38, claimed in Suit No. 9170. Third, they claim a valid title to the property in Suit No. 9171, under a tax sale to J. Henry Hellier in 1894, made in the name of Adam Diggs. Finally, they claim that the court should have found that the evidence in the case was sufficient to identify the property in dispute with the property covered by the deeds from John Carrane under which they claim.
Turning first to the last specification of error, we are of the opinion that the trial judge correctly found that the Dibert group did not prove that the property in dispute is the same as the property covered by the deeds under which they claim. First, they were unable to produce the Powell survey. Second, the deed to John Carrane under which they claim did not include any property in Sections 37, 38, or 39. Third, all of the properties allegedly covered by the Powell survey, including the Taplet and Diggs tracts, are described as lying in Section 36. The only testimony relative to the location of these tracts on the ground is not sufficient to identify any of these tracts as to its specific location.
In Suit No. 9170, Dibert is claiming property lying between Victoria Brooks Davis and Albertha Green Davis. If their respective titles are traced to the original sales from John Carrane, it appears that Victoria Brooks Davis has title to Lot 9, which adjoins Lot 8, which is now the property of Albertha Green Davis. The Dibert group traces its title to Abraham Taplet, who acquired Lot 7, which could not lie between Lots 8 and 9, which are adjacent.
The same deficiencies act to defeat the claim of 30 years acquisitive prescription advanced in Suit No. 9170. The nature and extent of the possession must be *776 shown with exactitude. Suffice it to say that the testimony of Victoria Brooks Davis falls far short of meeting' the burden of proof required in either respect.
The failure to prove the identity of their titles with the property in dispute also acts to defeat the claim of the Dibert group in Suit No. 9171 of a valid tax title under the tax sale in the name of Diggs to Hellier.
Finally, pretermitting the question of the legal validity of the plea of estoppel advanced by the Dibert group, we hold that in the absence of proof that the properties in dispute and the properties described in the John Carrane deeds to Abraham Taplet and Adam Diggs are the same, there could be no merit to the plea on the facts alone.
Article 3654 of the Code of Civil Procedure provides as follows:
“When the issue of ownership of immovable property or of a real right is presented in an action for a declaratory judgment, or in a concursus, expropriation, or similar proceeding, or the issue of the ownership of funds deposited in the registry of the court and which belong to the owner of the immovable property or of the real right is so presented, the court shall render judgment in favor of the party:
“(1) Who would be entitled to the possession of the immovable property or real right in a possessory action, unless the adverse party makes out his title thereto; or
“(2) Who proves better title to the immovable property or real right, when neither party would be entitled to the possession of the immovable property or real right in a possessory action.”
In this case, neither party has shown possession of the property in dispute. The Dibert group has failed to prove title to either parcel. The Funderburk group has shown that it has record title thereto, and, under the foregoing article, it must prevail.
The judgment appealed from is therefore affirmed. All costs of the appeal shall be borne by the Dibert group.
Affirmed.